UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                            **Criminal Case No. 01-80769**

**v.**

                                            **HONORABLE DENISE PAGE HOOD**

**ANDREW GROSS,**

    **Defendant.**

_____/

## ORDER RE VARIOUS MOTIONS

On April 17, 2002, Defendant Andrew Gross was convicted pursuant to a jury verdict of violations under 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7), mail fraud, credit card fraud and identity theft before this Court.[1] On July 23, 2002, Defendant was sentenced to 60 months on each mail fraud count, and 84 months on each of the credit card fraud and identity theft counts, with all terms to run concurrent to each other. The Sixth Circuit Court of Appeals affirmed the Court's Judgment in an Order filed December 23, 2003 (Case No. 02-1981). Defendant is currently serving his sentence in a federal prison in Indiana.

The Court notes Defendant has filed two Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.S. § 2255 relating to this conviction, which the Court denied in two Orders filed May 30, 2003 (Case No. 03-CV-72018) and December 30, 2004 (Case No. 04-CV-73388). Gross has also filed various post-trial and post-judgment motions which the Court has addressed in various Orders: 1) August 30, 2002 Order Denying Motion to Receive Medical Treatment; 2) January 24,

---

[1] Defendant also had a criminal matter before the Honorable Bernard A. Friedman, Case No. 02-80163, for securities fraud, wherein Defendant entered a plea of guilty and was sentenced to 120 months in prison, consecutive to this Court's sentence of imprisonment.

2003 Order Denying Motion for Emergency Medical Relief from Judgment; 3) March 21, 2003 Order Denying Motion to Correct Sentence; and, 4) July 16, 2003 Order Denying Motion for Reconsideration for Medical Relief from Judgment and Requesting Bail Pending Appeal.  In addition, the Court has entered various orders regarding Defendant's medical condition prior to the entry of the Judgment.  Defendant has also filed civil cases against various officials in this district relating to his sentencing and his medical condition, which have all been dismissed.  (Case Nos. 02-CV-74123 (J. Rosen); 02-CV-74850 (J. Friedman); 01-CV-40331 (J. Gadola)).  The Court, through its Case Manager, has responded to numerous letters from Defendant.

This matter is before the Court on various post-judgment motions "filed and docketed" with the Clerk's Office and motions that have *not* been "filed and docketed" with the Clerk's Office.  The Court notes that any motions and/or papers where a party seeks an order to be issued must be filed with the "Clerk of Court," addressed to the "Clerk's Office," and *not* addressed to Chambers or any of the court staff.  Otherwise, there is no official record of the filing of such a motion.  *See* Fed. R. Civ. P. 5(e); E.D. Mich. L.R. 5.1 and 5.1.1.

The Court first addresses the motions relating to Defendant's medical condition.   As this Court noted in a previous order addressing the same issue, Defendant has cited no authority which allows a party to file successive motions for reconsideration.  (*See* July 16, 2003 Order Denying Defendant's Emergency Motion for Reconsideration regarding medical treatment)  In any event, the following motions raise the same issues as those addressed in at least four prior motions involving Defendant's keloid behind his ear: 1) the non-docketed "Emergency Reconsideration Motion for Bail Pending Appeal, Motion to Modify Conditions of Confinement Pursuant to 18 U.S.C. § 3145(a)(2) for Medical Treatments," dated July 29, 2003, received in Chambers on August 4, 2003;

2) the "Emergency Reconsideration Motion for Bail Pending All Appeals, filed November 18, 2003;

3) the "Motion for Diminished Capacity Downward Departure on Basis of Deteriorated Medical Condition," filed March 23, 2004; and, 4) the non-docketed Motion for Bail Pending Appeal, and Requesting Approval of an Emergency Medical Relief from judgment or Requesting District Court to Aval Bureau of Prisons to Give Plaintiff Emergency Medical Surgery." As Local Rule 7.1(g)(3) states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3). The various motions merely present the same issues already ruled upon by the Court. Defendant has not demonstrated a palpable defect by which the Court and the parties have been misled and has not shown that a different disposition of the case must result from any correction of any such defect. The Sixth Circuit noted in its Order affirming the Judgment entered in this case, "the record clearly reflects that his request was based on elective surgery for removal of a keloid near his ear, and that the treatment was not medically necessary." *United States v. Gross,* Case No. 02-1981 (6th Cir. Dec. 5, 2003). This Court once again notes that any Eighth Amendment medical treatment claim must be addressed in a separate civil action under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), and not in the context of the now-closed criminal case before the undersigned. Any such action must be filed in the appropriate District Court. Defendant is not housed in a facility in this District at this time. The Court has reviewed photographs of the ear which show a very large keloid scar which may in fact be uncomfortable.

Whether the keloid requires surgery or is creating an "imbalance" in the ear or otherwise causing damages inside the ear is not a medical matter this Court has the authority to address, as noted above.

As to Defendant's Motion for Consideration for Downward Departure pursuant to USSG § 5K2.13 for Diminished Capacity, and Motion for Reconsideration for Emergency Medical Downward Departure, that motion is denied as well, as a successive motion for reconsideration. Also, the motion is denied since the Sixth Circuit has stated that, "Gross has not pointed to anything in the record which even remotely suggests that he was entitled to a "diminished capacity" reduction. *Gross*, Case No. 02-1981, Dec. 5, 2003 Order, at 5.

Defendant's Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2) Based on Sentencing Guideline Amendment Effective November 1, 2001 concerning 2F1.1 and 2B1.1 and Amendment 617 and the Motion to Amend Motion for Modification of Sentence to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) are also denied because these are the same issues raised in Defendant's § 2255 motion which the Court denied in its December 30 2004 Order. It is noted that the Sixth Circuit rejected Defendant's argument regarding the calculation of his Criminal History Category noting that Defendant had specifically withdrew his objection to the determination that he had a Criminal History Category V. *Gross,* Case No. 02-1981, Dec. 5, 2003 Order, at 5.

Accordingly,

IT IS ORDERED that the non-docketed "Emergency Reconsideration Motion for Bail Pending Appeal, Motion to Modify Conditions of Confinement Pursuant to 18 U.S.C. § 3145(a)(2) for Medical Treatments," dated July 29, 2003, received in Chambers on August 4, 2003 is DENIED.

IT IS FURTHER ORDERED that Defendant's "Emergency Reconsideration Motion for Bail

4

Pending All Appeals" **(Docket No. 79, filed November 18, 2003)** is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Diminished Capacity Downward Departure on Basis of Deteriorated Medical Condition" **(Docket No. 83, filed March 23, 2004)** is DENIED.

IT IS FURTHER ORDERED that the non-docketed "Motion for Bail Pending Appeal, and Requesting Approval of an Emergency Medical Relief from judgment or Requesting District Court to Aval Bureau of Prisons to Give Plaintiff Emergency Medical Surgery," dated June 21, 2004, received in Chambers June 25, 2004 is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Consideration for Downward Departure pursuant to USSG § 5K2.13 for Diminished Capacity, and Motion for Reconsideration for Emergency Medical Downward Departure **(Docket No. 78, filed October 28, 2003)** are DENIED.

IT IS FURTHER ORDERED that the non-docketed "Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2) Based on Sentencing Guideline Amendment Effective November 1, 2001 concerning 2F1.1 and 2B1.1 and Amendment 617, dated November 18, 2004 and received in Chambers November 29, 2004, is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Amend Motion for Modification of Sentence to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2)" **(Docket No. 90, filed January 21, 2005)** is DENIED.

                                                      /s/ DENISE PAGE HOOD
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED:  September 2, 2005