UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                      Case No. 01-CR-80769-DT

v.

                                      HONORABLE DENISE PAGE HOOD

ANDREW GROSS,

    Defendant.

_____/

**ORDER DENYING MOTIONS FOR RETROACTIVE APPLICATION
OF SENTENCING GUIDELINES**

This matter is before the Court again on two Motions for Retroactive Application of Sentencing Guidelines. On April 17, 2002, Gross was convicted pursuant to a jury verdict of violations under 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7), mail fraud, credit card fraud and identity theft before this Court.[1] On July 23, 2002, Gross was sentenced to 60 months on each mail fraud count, and 84 months on each of the credit card fraud and identity theft counts, with all terms to run concurrent to each other. The Sixth Circuit Court of Appeals affirmed the Court's Judgment in an Order filed December 23, 2003 (Case No. 02-1981).

Gross has since filed numerous post-judgment motions relating to this conviction, including two Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.S. § 2255, which the Court denied in Orders filed May 30, 2003 (Case No. 03-CV-72018) and December 30, 2004 (Case No. 04-CV-73388). In addition, the Court has entered the following Orders in the criminal case number

---

[1] Gross also had a criminal matter before the Honorable Bernard A. Friedman, Case No. 02-80163, for securities fraud, wherein Gross entered a plea of guilty and was sentenced to 120 months in prison, consecutive to this Court's sentence of imprisonment.

(01-80769): a March 21, 2003 Order denying a Motion to Correct Sentence; a September 2, 2005 Order denying Gross' various motions for downward departure and modification of sentence based on the November 1, 2001 Sentencing Guideline Amendment and calculations in his Presentence report; a January 18, 2007 Order denying a Motion for Reconsideration and Motion for Correction of Clerical Error under Fed. R. Crim. P. Rule 36; a June 4, 2007 Order denying two other Motions for Correction of Clerical Error; a June 22, 2007 Order granting a Motion for Leave to Appeal In Forma Pauperis; a February 6, 2008 Order denying two Motions to Reduce Sentence; a November 10, 2008 Order denying two Motions to Terminate a Term of Supervised Release; a January 20, 2011 Order Denying Motions to Discharge Sentence and to Reduce Sentence; and a February 5, 2013 Order Regarding Various Post Judgment Motions.

The Sixth Circuit has noted that Gross has filed eight petitions for a writ of mandamus since 2005 and that all petitions have been denied or dismissed. *See In re Andrew Gross III,* Case No. 08-1811 (6th Cir. Oct. 10, 2008) (Order denying petition for writ of mandamus). The Sixth Circuit went on to note that Gross had filed with the appellate court 27 appeals, 8 mandamus petitions and 3 applications for leave to file successive § 2255 actions relating to the two convictions before the undersigned and the Honorable Bernard A. Friedman. *Id.* Gross has been warned by the Sixth Circuit that the continued filing of frivolous mandamus petitions or other similar original actions may result in sanctions limiting his ability to file any matter before the Sixth Circuit. *Id.*

The current motions seek, again, to alter or amend or reduce Gross' sentence. Gross has been informed in previous orders that he must file a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence by the Bureau of Prisons. The Court again notes that a criminal defendant who is seeking to challenge the "execution" of a sentence must file a writ of

habeas corpus under 28 U.S.C. § 2241. In *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991), the Sixth Circuit held that a challenge to the *execution* of a sentence must be brought through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See also*, *Coleman v. United States*, 28 F.3d 1215 (6th Cir. Oct. 17, 1994)(unpublished) (1994 WL 573917); *Thomas v. Bogan*, 70 F.3d 1273 (6th Cir. 1995)(unpublished)(1995 WL 692987). The Attorney General through the Bureau of Prisons, not the district court, has the authority to grant credit for any time served. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *United States v. Crozier,* 259 F.3d 503, 520 (6th Cir.2001). Only after a prisoner has exhausted his remedies through the Bureau of Prisons may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *Wilson,* 503 U.S. at 335; *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993). The Court notes that Gross is able to file a § 2241 habeas corpus petition. *See, Gross v. Derkebile,* 2011 WL 13874 (E.D. Ky. Jan. 4, 2011) (Gross raising issues that were previously filed in this case number such as sentencing credits and placement in a Community Corrections Center.).

Gross' current two Motions for Modification of Sentence pursuant to 28 U.S.C. § 3583(c)(2) (Doc. Nos. 150 and 151) appear to be the same motion. The Court, having previously denied prior motions regarding the modification or reduction of Gross' sentence, again denies the requests pursuant to the Court's prior orders. (See, Orders, Doc. Nos. 137 and 148) Gross again argues that he is entitled to modification of his sentence under 18 U.S.C. § 3582 based on Amendment 506 which became effective in 2005. Amendment 506 has not been shown to be applied retroactively. *See* 18 U.S.C. § 3582(c)(2), U.S.S. G. § 1B1.10 of the Sentencing Guidelines; *United States v. Green,* 456 Fed. Appx. 55 (11th Cir. 2012). Gross is not entitled to a reduction of his sentence.

Accordingly,

3

IT IS ORDERED that the Motions for Modification of Sentence (**Doc. Nos. 150 and 151**) are DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager