UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW GROSS,

    Defendant.

Case No. 01-CR-80769-DT

HON. DENISE PAGE HOOD

_____/

**ORDER DENYING MOTIONS**

**I.   BACKGROUND**

This matter is once again before the Court on several post-judgment motions filed by Defendant Andrew Gross relating to his conviction. On April 17, 2002, Gross was convicted pursuant to a jury verdict of violations under 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7), mail fraud, credit card fraud and identity theft before this Court.[1] On July 23, 2002, Gross was sentenced to 60 months on each mail fraud count, and 84 months on each of the credit card fraud and identity theft counts, with all terms to run concurrent to each other. The Sixth Circuit Court of Appeals affirmed the Court's Judgment in an Order filed December 23, 2003 (Case No. 02-1981).

---

[1] Gross also had a criminal matter before the Honorable Bernard A. Friedman, Case No. 02-80163, for securities fraud, wherein Gross entered a plea of guilty and was sentenced to 120 months in prison, consecutive to this Court's sentence of imprisonment.

Gross has since filed numerous post-judgment motions relating to this conviction, including two Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.S. § 2255, which the Court denied in Orders filed May 30, 2003 (Case No. 03-CV-72018) and December 30, 2004 (Case No. 04-CV-73388). In addition, the Court has entered the following Orders in the criminal case number (01-80769): a March 21, 2003 Order denying a Motion to Correct Sentence; a September 2, 2005 Order denying Gross' various motions for downward departure and modification of sentence based on the November 1, 2001 Sentencing Guideline Amendment and calculations in his Presentence report; a January 18, 2007 Order denying a Motion for Reconsideration and Motion for Correction of Clerical Error under Fed. R. Crim. P. Rule 36; a June 4, 2007 Order denying two other Motions for Correction of Clerical Error; a June 22, 2007 Order granting a Motion for Leave to Appeal In Forma Pauperis; a February 6, 2008 Order denying two Motions to Reduce Sentence; a November 10, 2008 Order denying two Motions to Terminate a Term of Supervised Release; a January 20, 2011 Order Denying Motions to Discharge or Reduce Sentence; a February 5, 2013 Order denying various post judgment motions; and a March 26, 2013 Order denying Motions to Reduce Sentence re Crack Cocaine Offense.

The Sixth Circuit has noted that Gross has filed eight petitions for a writ of

mandamus since 2005 and that all petitions have been denied or dismissed. *See In re Andrew Gross III,* Case No. 08-1811 (6th Cir. Oct. 10, 2008) (Order denying petition for writ of mandamus). The Sixth Circuit went on to note that Gross had filed with the appellate court 27 appeals, 8 mandamus petitions and 3 applications for leave to file successive § 2255 actions relating to the two convictions before the undersigned and the Honorable Bernard A. Friedman. *Id.* Gross has been warned by the Sixth Circuit that the continued filing of frivolous mandamus petitions or other similar original actions may result in sanctions limiting his ability to file any matter before the Sixth Circuit. *Id.*

On April 2, 2013, the Sixth Circuit Court of Appeals entered an Order denying Gross' request to file a successive motion under 28 U.S.C. § 2255. Any Rule 60(b) motion is considered a second or successive § 2255 motion. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005). The current motions before the Court seek the same relief previously sought by Gross in his previous motions. Because the Sixth Circuit has denied Gross' request to file successive motions relating to his conviction, the Court does not have the authority to consider Gross' latest motions. Even if the Court had such authority, the Court denies the motions since they re-hash Gross' previous arguments raised in his various motions, which the Court has denied in previous orders noted above.

## II.     PETITION FOR WRIT OF ERROR CORAM NOBIS

Gross also filed a Petition for Writ of Error Coram Nobis, acknowledging that the sentence in this case, Criminal Case No. 01-80769, is complete. (Doc. No. 161)

The writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases at common law. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). The writ was suspended in civil cases pursuant to Fed.R.Civ.P. 60(b). *Id.*; *United States v. Morgan*, 346 U.S. 502, 506 (1954). In criminal cases, the Supreme Court held that federal courts retained the power to issue the writ under certain circumstances based on the All Writs Act, 28 U.S.C. § 1651. *Morgan,* 342 U.S. at 506. A writ of error *coram nobis* may be used to vacate a federal conviction after a defendant has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable. *Johnson*, 237 F.3d at 753. A writ of error *coram nobis* is an extraordinary writ. *Id.* at 755. It is used only to review errors of the most fundamental in character which render the *proceedings themselves* invalid. *Id.* A defendant must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.*

*Coram nobis* relief is insufficient if the defendant is merely raising legal challenges concerning the validity of the convictions where the defendant had

4

knowledge of the underlying facts at the time of trial. *Blanton v. United States,* 94 F.3d 227, 230 (6th Cir. 1996). Arguments that were raised or could have been raised on direct appeal are not properly brought on a *coram nobis* petition which must be based on matters not appearing in the record. *United States v. Richard,* 221 F.3d 1337, 2000 WL 875369 (6th Cir. Jun. 19, 2000)(unpublished)(citing *United States v. Keane,* 852 F.2d 199, 202-03 (7th Cir. 1988)). A defendant cannot use a *coram nobis* proceeding to renew claims previously rejected in a 28 U.S.C. § 2255 proceeding. *Willis v. United States,* 654 F.2d 23 (8th Cir. 1981). Prejudicial errors and newly discovered evidence do not fall into the category of fundamental errors required to issue a writ of error *coram nobis. See, Moody v. United States,* 874 F.2d 1575, 1577 (11th Cir. 1989). The writ cannot be used by a prisoner who is still in custody, even if § 2255 relief is no longer available because the prisoner failed to file a § 2255 motion before the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act, Pub.L. No. 104-32, 110 Stat. 1214 (1996). *Id.*

Because Gross is currently in custody under a different conviction, a writ of error *coram nobis* is not available to Gross. Even if the Court were to consider the writ, this Court and the Sixth Circuit previously rejected his claims in prior § 2255 proceedings and in various motions filed by Gross as noted above. Gross is unable to show any fundamental error as to the criminal case before this Court required to

issue a writ of error *coram nobis*.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the following motions filed by Defendant Andrew Gross are **DENIED**:

>1) Motion to Alter or Amend Judgment **(Doc. No. 155)**;
>2) Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582 **(Doc. No. 156)**;
>3) Motion to Alter or Amend Judgment **(Doc. No. 157)**;
>4) Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582 **(Doc. No. 158)**;
>5) Motion to Amend or Correct Judgment **(Doc. No. 159)**;
>6) Motion to Amend or Correct Judgment **(Doc. No. 160)**;
>8) Motion to Amend or Correct Judgment **(Doc. No. 162)**;
>9) Motion to Discharge Sentence **(Doc. No. 163).**

IT IS FURTHER ORDERED that the Petition for Writ of Error Coram Nobis **(Doc. No. 161)** is DENIED.

>S/Denise Page Hood
>Denise Page Hood
>United States District Judge

Dated: August 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager