UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                               Case No. 01-CR-80769-DT

v.

                                               HON. DENISE PAGE HOOD

ANDREW GROSS,

    Defendant.

_____/

## ORDER DENYING MOTIONS

This matter is once again before the Court on post-judgment motions filed by Defendant Andrew Gross relating to his conviction. On April 17, 2002, Gross was convicted pursuant to a jury verdict of violations under 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7), mail fraud, credit card fraud and identity theft before this Court.[1] On July 23, 2002, Gross was sentenced to 60 months on each mail fraud count, and 84 months on each of the credit card fraud and identity theft counts, with all terms to run concurrent to each other. The Sixth Circuit Court of Appeals affirmed the Court's Judgment in an Order filed December 23, 2003 (Case No. 02-1981).

Gross has since filed numerous post-judgment motions relating to this

---

[1] Gross also had a criminal matter before the Honorable Bernard A. Friedman, Case No. 02-80163, for securities fraud, wherein Gross entered a plea of guilty and was sentenced to 120 months in prison, consecutive to this Court's sentence of imprisonment.

conviction and related civil cases, including two Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.S. § 2255, which the Court denied in Orders filed May 30, 2003 (Case No. 03-CV-72018) and December 30, 2004 (Case No. 04-CV-73388). In addition, the Court has entered the following Orders in the criminal case number (01-80769): a March 21, 2003 Order denying a Motion to Correct Sentence; a September 2, 2005 Order denying Gross' various motions for downward departure and modification of sentence based on the November 1, 2001 Sentencing Guideline Amendment and calculations in his Presentence report; a January 18, 2007 Order denying a Motion for Reconsideration and Motion for Correction of Clerical Error under Fed. R. Crim. P. Rule 36; a June 4, 2007 Order denying two other Motions for Correction of Clerical Error; a June 22, 2007 Order granting a Motion for Leave to Appeal In Forma Pauperis; a February 6, 2008 Order denying two Motions to Reduce Sentence; a November 10, 2008 Order denying two Motions to Terminate a Term of Supervised Release; a January 20, 2011 Order Denying Motions to Discharge or Reduce Sentence; a February 5, 2013 Order denying various post judgment motions; a March 26, 2013 Order denying Motions to Reduce Sentence re Crack Cocaine Offense; an August 11, 2014 denying several motions; a May 28, 2015 Order denying several motions; and a July 10, 2015 Order denying Motion to Reduce Sentence re Drug Offense.

The Sixth Circuit has noted that Gross has filed eight petitions for a writ of mandamus since 2005 and that all petitions have been denied or dismissed. *See In re Andrew Gross III,* Case No. 08-1811 (6th Cir. Oct. 10, 2008) (Order denying petition for writ of mandamus). The Sixth Circuit went on to note that Gross had filed with the appellate court 27 appeals, 8 mandamus petitions and 3 applications for leave to file successive § 2255 actions relating to the two convictions before the undersigned and the Honorable Bernard A. Friedman. *Id.* Gross has been warned by the Sixth Circuit that the continued filing of frivolous mandamus petitions or other similar original actions may result in sanctions limiting his ability to file any matter before the Sixth Circuit. *Id.*

On April 2, 2013, the Sixth Circuit Court of Appeals entered an Order denying Gross' request to file a successive motion under 28 U.S.C. § 2255. (Doc. No. 153) Any Rule 60(b) motion is considered a second or successive § 2255 motion. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005). The Sixth Circuit again entered an Order on May 13, 2015 denying Gross' application for leave to file a successive motion to vacate his sentence. (Doc. No. 175)

The current motions seek reconsideration of the Court's order, retroactive application of the sentencing guidelines and to correct clerical error in his presentence report. All of the issues raised in the motions have been previously raised by Gross

in his prior motions. Because the Sixth Circuit has denied Gross' request to file successive motions relating to his conviction, the Court does not have the authority to consider Gross' latest motions. Even if the Court had such authority, the Court denies the motions since Gross re-hashes the same arguments raised in his various motions, which the Court have denied in numerous orders noted above.

For the reasons set forth above,

IT IS ORDERED that the Motion for Reconsideration **(No. 182),** the Motions for Retroactive Application of Sentencing Guidelines **(Nos. 183 and 185)**, and the Motion to Correct Clerical Error **(No. 184)** are DENIED.


        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: April 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2016, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager